UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

PROVO CRAFT AND NOVELTY, INC.,

               Plaintiff,

vs.                                         Case No 2012-CV-00138-AEG

MAKE THE CUT, L.L.C.,

and

ANDREW A. HEINLEIN,

               Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

       Defendants Make the Cut, L.L.C. and Andrew A. Heinlein, by their attorneys do make this answer to the complaint made by the Plaintiff as follows:

1. Admit paragraph 1.

2. Admit paragraph 2.

3. Defendant Andrew A. Heinlein does not live in Oconomowoc, Wisconsin but rather Muskego, Wisconsin.  Defendant is the only owner of Make the Cut, L.L.C.  Defendant believes that sentence 3 of paragraph 3 requires a legal conclusion which he is not qualified to make.

4. Jurisdiction is stipulated to.

5. Jurisdiction is stipulated to.

6. Jurisdiction is stipulated to.

7. Jurisdiction is stipulated to.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI  53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

1

8. Defendants do not have the information to form the basis of opinion as to whether or not Provo Craft is innovative, but admits the remainder of paragraph 8.

9. Admit paragraph 9.

10. Admit paragraph 10.

11. Defendants do not have the information to form the basis of opinion as to whether or not paragraph 11 is true and put Plaintiff to its proof.

12. Defendants do not have the information to form the basis of opinion as to whether or not paragraph 12 is true and put Plaintiff to its proof.

13. Defendants admit paragraph 13.

14. Defendants do not have the information to form the basis of opinion as to whether or not paragraph 14 is true and put Plaintiff to its proof.

15. Defendants do not have the information to form the basis of opinion as to whether or not paragraph 15 is true and put Plaintiff to its proof.

16. Defendants do not have the information to form the basis of opinion as to whether or not paragraph 16 is true and put Plaintiff to its proof.

17. Defendants do not have the information to form the basis of opinion as to whether not or paragraph 17 is true and put Plaintiff to its proof.

18. Deny paragraph 18. Defendants no longer market such software as it applies to the CRICUT. Defendants only design and market such software for other companies and for hardware of its own production.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

2

19. Admit in part, and deny in part. Defendants did advertise such software, but the patterns were not crude, and the ability to copy CRICUT patterns was disabled on all subsequent productions of the software, and is no longer available today. CRICUT designs are not complicated nor hard to make. There are patterns of greater complexity available in open source, and there are patterns that nearly mirror all of CRICUT'S patterns that are available via open source resources.

20. Defendants do offer such services, but do not knowingly put copyrighted material on their forums, and when presented with evidence of such, remove them immediately.

21. Defendant denies making this statement, although it may have been made by one of the people on his forum. Any remark similar to this was made before there was a settlement or even before earlier litigation began in this matter.

22. Defendant does not have the information to form the basis of opinion as to whether or not paragraph 22 is true and put Plaintiff to its proof.

23. Deny paragraph 23.

24. Deny paragraph 24.

25. Defendants released better software in mid March of 2010. Furthermore, there was nothing in the CRICUT software that prevented or protected the patterns, and the defendants did not have knowledge of the copyrights. Better software is going to produce higher quality patterns under all circumstances, and will increase the total number of high quality patterns available to the public.

26. Defendants do not have the information to form the basis of opinion as to whether or not paragraph 26 is true and put Plaintiff to its proof.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

3

27. Deny paragraph 27.

28. Deny paragraph 28.

29. Admit paragraph 29.

30. Admit paragraph 30.

31. Admit paragraph 31.

32. Admit paragraph 32, and waive all confidentiality terms of any agreement as Defendants feel a full public airing of the terms via public court record and full public access are in the best interests of all. Defendants have also concluded that it is required by F.R.C.P. § 8 to recite the entire agreement in order to mount a full defense and show the court how much of the agreement has been executed, and how there has been breach by Plaintiff as great, if not greater than, Defendants.

33. a. Defendants did agree to sub a. of paragraph 33 and executed same. b. Defendants did agree to sub b. of paragraph 33 and executed same. c. Defendants did agree to sub c of paragraph 33 and did provide code which is self explanatory and so have substantially complied. d. Defendants did not agree to sub d paragraph 33 as stated, but rather assert they were to be paid a consulting fee and provided work that would cover the amount owed or at least the overwhelming majority of the amount owed. Plaintiff never did contact Defendants with projects for consulting on allowing them to pay the settlement amount in kind as was agreed to. Defendants; therefore, deny owing Plaintiff any money at all.

34. Defendants do not have the information to form the basis of opinion as to whether or not paragraph 34 is true and put Plaintiff to its proof. Defendants also believe this paragraph calls for legal definitions and conclusions the Defendants are not qualified to make.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

4

35. Admit paragraph 35, and complied with same.

36. Admit paragraph 36. and complied with same.

37. Admit paragraph 37, and complied with same.

38. Defendants deny paragraph 38.

39. Defendants deny paragraph 39, as the information provided was more than adequate and complete, and Defendants would have sworn to it under oath upon deposition or any other interview. Defendants were also always available to be deposed under oath whereby Plaintiff could ask any specific question Plaintiff wanted. Defendants are skeptical that Plaintiff has not figured it all out on their own and asserts Plaintiffs are proceeding in this matter simply to harass Defendants and prevent them from proceeding to other projects that would be profitable.

40. Deny paragraph 40. Defendants cannot control what those on their forum say, and have been vigilant in taking down all and any posts that are disparaging of Plaintiff, including any postings that guess at the settlement agreement, or that might be seen to provide information on doing an end run around Plaintiff's copyrights and security measures. Defendants can only do so much to control the actions of other people on a free speech forum. The filing of this law suit is in fact providing those in the crafting community that much more information to be critical of where Plaintiff is concerned. Defendants can also not stop journalists from looking into the story and reporting what they believe the pertinent issues to be.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

5

41. Deny paragraph 41. Defendants have not distributed any software compatible with the CRICUT and have removed statements on their forum that have provided such information about open source materials that pierce CRICUT'S security measures. It was also understood that Plaintiff would hire Defendant's services to create better security for the software which would make any old software obsolete and not a problem for the Plaintiff.

42. Defendants deny paragraph 42 as the ad was very old and was "drop down" and was not to be allowed open by Facebook anymore. If such ad continued to be broadcast by Facebook after execution of the earlier referenced settlement, then the fault lies with Facebook.

43. Deny paragraph 43.

44. Deny paragraph 44, and assert they have been waiting for assignments so they could pay Plaintiff in kind as was agreed.

45. Deny paragraph 45 and believe such paragraph should be struck on its face.

46. Defendants deny paragraph 46 and assert it draws a legal conclusion which Defendants are not qualified to make.

47. Answering paragraph 47, This court does retain jurisdiction, but Plaintiff should be estopped from using their perceived breach from getting two bites at the apple. They can have the remedy of suing on the agreement to enforce it or of voiding the agreement and suing on the original causes of action.

48. Answering paragraph 48, Defendants incorporate their responses into the foregoing paragraphs.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

6

Case 2:12-cv-00138-CNC   Filed 02/29/12   Page 6 of 13   Document 8

49. Answering paragraph 49, Defendants do not have the information to form the basis of opinion as to whether or not paragraph 49 is true and put plaintiff to its proof. Whether or not they have a copyright on derivative works calls for a legal conclusion Defendants are not qualified to make.

50. Answering paragraph 50, Defendants do not have the information to form the basis of opinion as to whether or not paragraph 50 is true and put Plaintiff to its proof.

51. Answering paragraph 51, Defendants do not have the information to form the basis of opinion as to whether or not paragraph 51 is true and put Plaintiff to its proof.

52. Answering paragraph 52, Defendants do not have the information to form the basis of opinion as to whether or not paragraph 52 is true and put Plaintiff to its proof.

53. Answering paragraph 53, Defendants do not have the information to form the basis of opinion as to whether or not paragraph 53 is true and put Plaintiff to its proof.

54. Answering paragraph 54, Defendants do not have the information to form the basis of opinion as to whether or not paragraph 54 is true and put Plaintiff to its proof.

55. Answering paragraph 55, Defendants do not have the information to form the basis of opinion as to whether paragraph 55 is true and put Plaintiff to its proof.

56. Answering paragraph 56, Defendants do not have the information to form the basis of opinion as to whether paragraph 56 is true and put Plaintiff to its proof.

57. Answering paragraph 57, Defendants do not have the information to form the basis of opinion as to whether paragraph 57 is true and put Plaintiff to its proof.

58. Answering paragraph 58, Defendants do not have the information to form the basis of opinion as to whether paragraph 58 is true and put Plaintiff to its proof.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

59. Answering paragraph 59, Defendants do not have the information to form the basis of opinion as to whether paragraph 59 is true and put Plaintiff to its proof.

60. Answering paragraph 60, Defendants do not have the information to form the basis of opinion as to whether paragraph 60 is true and put Plaintiff to its proof.

61. Deny paragraph 61.

62. Answering paragraph 62, Defendants do not have the information to form the basis of opinion as to whether paragraph 62 is true and put Plaintiff to its proof.

63. Answering paragraph 63, Defendants do not have the information to form the basis of opinion as to whether paragraph 63 is true and put Plaintiff to its proof.

64. Answering paragraph 64, Defendant does not have the information to form the basis of opinion as to whether paragraph 64 is true and put Plaintiff to its proof.

65. Deny paragraph 65.

66. Deny paragraph 66.

67. Defendants deny paragraph 67, and indicate that it calls for a legal conclusion defendants are not qualified to make. If there were any violations Defendants were stopped immediately on notice and were not willful.

68. Deny paragraph 68, and in fact believe the opposite to be true.

69. Defendants incorporate their earlier responses into the following paragraphs and respond as indicated.

70. Deny paragraph 70.

71. Deny paragraph 71.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

72. Deny paragraph 72.

73. Deny paragraph 73.

74. Deny paragraph 74.

75. Defendants incorporate their earlier responses into the following paragraphs and respond as indicated.

76. Deny paragraph 76.

77. Deny paragraph 77.

78. Deny paragraph 78.

79. Defendants say such screen shots do not currently appear on the website, and none of the screen shots that do appear have been copy-written.

80. Deny paragraph 80.

81. Defendants do not have the information to form the basis of opinion as to whether paragraph 81 is true and put Plaintiff to its proof.

82. Defendants do not have the information to form the basis of opinion as to whether paragraph 82 is true and put Plaintiff to its proof.

83. Deny paragraph 83.

84. Deny paragraph 84.

85. Deny paragraph 85.

86. Defendants incorporate their earlier responses in the following paragraphs and respond as indicated.

87. Defendants do not have the information to form the basis of opinion as to whether paragraph 87 is true and put Plaintiff to its proof.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

9

88. Defendants do not have the information to form the basis of opinion as to whether paragraph 88 is true and put Plaintiff to its proof.

89. Defendants do not have the information to form the basis of opinion as to whether paragraph 89 is true and put Plaintiff to its proof. Defendants note that an application for a copyright is not a copyright.

90. Deny paragraph 90.

91. Defendants do not have the information to form the basis of opinion as to whether paragraph 91 is true and put Plaintiff to its proof.

92. Deny paragraph 92.

93. Deny paragraph 93, and indicate it calls for a legal conclusion Defendants are not qualified to make.

94. Deny paragraph 94.

95. Deny paragraph 95.

96. Defendants incorporate all previous responses for the sake of answering the following paragraphs.

97. Defendants do not have the information to form the basis of opinion as to whether paragraph 91 is true and put Plaintiff to its proof.

98. Defendants do not have the information to form the basis of opinion as to whether paragraph 91 is true and put Plaintiff to its proof.

99. Defendants do not have the information to form the basis of opinion as to whether paragraph 91 is true and put Plaintiff to its proof.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

100. Deny paragraph 100, and indicate that the various names Plaintiff has used for its brands have only been referenced to compare and contrast with Defendants' own products.

101. Deny paragraph 101.

102. Deny paragraph 102.

103. Deny paragraph 103.

104. Deny paragraph 104.

105. Deny paragraph 105.

106. Defendants incorporate by reference their earlier responses into the following paragraph responses.

107. Deny paragraph 107. Defendants are hard pressed to understand how a company of much greater size than Make The Cut is at an unfair disadvantage.

108. Deny paragraph 108 and believe that such communication is commercial speech that is protected by the First Amendment to The United States Constitution, and that limitations to such speech should be viewed with strict scrutiny.

109. Deny paragraph 109.

110. Deny paragraph 110.

111. Defendants incorporate by reference their earlier responses in the following paragraph responses.

112. Deny paragraph 112.

113. Deny paragraph 113.

114. Deny paragraph 114.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

115. Defendants incorporate by reference their earlier responses in the following paragraph responses.

116. Deny paragraph 116.

117. Deny paragraph 117.

118. Defendants incorporate by reference their earlier responses in the foregoing paragraph responses.

119. Deny paragraph 119.

120. Deny paragraph 120.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff may have failed in its duty of good faith and fair dealing with regard to the matter herein by not providing consulting work to Defendants within 30 days of the settlement agreement being executed, for the purposes of paying any settlement amount in kind.

2. Plaintiff's assertions may be deemed contrary to public policy in attempting to limit Defendants' First Amendment rights to free speech.

3. Plaintiff's bringing of this action against Defendants may be construed as an attempt to restrain trade, through harassing Defendants and making it difficult for Defendants to continue with their livelihood.

4. Plaintiff's motivation in bringing this action against Defendants may be an attempt at prevention of performance by Defendants. In other words, this action may have been brought in an effort to prevent Defendants from upholding and executing their end of the previous settlement agreement between Plaintiff and Defendants.

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
 (414) 543-1164—facsimile

12

5. Plaintiff's prior and present actions may constitute a failure to act in a commercially reasonable manner by preventing Defendants from upholding and executing their end of the previous settlement agreement between Plaintiff and Defendants.

6. Plaintiff's prior and present actions may constitute a waiver or estoppel from proceeding in the matter herein.

7. Plaintiff failed to follow the rules of the Online Copyright Infringement Liability Limitation Act pursuant to Title 17 U.S.C. §512 (c), in that it did not give proper notice to Defendants via registered agent that there was a potential violation of copyright material and constitutes an improper notice of breach.

8. Pursuant to Defendants' Answer in paragraph 42 above, Plaintiff failed to join an indispensable party in this matter, in particular, failed to bring action against Facebook.

WHEREFORE, Defendants Make The Cut L.L.C. and Andrew A. Heinlein seek Judgment against the Plaintiff as follows:

1. Dismissal of Plaintiff's claim in full.

2. All statutory costs and disbursements necessarily arising out of the defense from Plaintiff's claims and assertions to include and reasonable and necessary attorneys fees.

3. Such further relief as the court deems appropriate.

Dated this 29th day of February, 2012.  **GREEN & KAPSOS LAW OFFICES, L.L.C.**
Attorneys for Defendants

By: _____
William H. Green
State Bar No. 1001678

**P.O. ADDRESS:**
3216 S. 92nd Street, Suite 201
Milwaukee, WI 53227
(414) 543-5369—telephone
(414) 543-1164—facsimile

14