# United States District Court

EASTERN DISTRICT OF WISCONSIN

PROVO CRAFT AND NOVELTY, INC.,

    Plaintiff,

v.

MAKE THE CUT, LLC, and
ANDREW A. HEINLEIN,

    Defendants.

**CONSENT JUDGMENT AND PERMANENT INJUNCTION IN A CIVIL CASE**

Case No. 12-C-0138

Plaintiff Provo Craft and Novelty, Inc. ("Provo Craft"), Make the Cut, LLC ("MTC"), and Andrew A. Heinlein ("Heinlein") have stipulated to the entry of this Consent Judgment and Permanent Injunction (the "2012 Consent Judgment and Permanent Injunction"). Now, therefore,

IT IS ORDERED AND ADJUDGED that the court approves the parties' stipulated consent judgment and permanent injunction which provides as follows:

RECITALS

1.    Provo Craft sells, among other things, CRICUT® electronic cutting machines and CRICUT DESIGNSTUDIO® software. Defendants sell, among other things, the "Make the Cut!" software (the "Software").

2.    Provo Craft filed against Defendants the lawsuit Provo Craft and Novelty, Inc. v. Make the Cut, LLC, et al, Case No. 10-276, in this Court (the "2010 Lawsuit").

3.      In the 2010 Lawsuit, Provo Craft alleged, among other things, that the Software was the product of unlawful actions-specifically, that Defendants violated the End User License Agreement ("EULA") that governs use of CRICUT DESIGNSTUDIO® by viewing and/or reverse engineering CRICUT DESIGNSTUDIO® code, and that Defendants would not have been able to create the Software but for that unlawful act. Provo Craft also alleged that the Software unlawfully circumvents copyright management controls contained in the CRICUT® and CRICUT DESIGNSTUDIO®, infringes various related copyrights and trademarks owned by Provo Craft, and induces others to commit similar acts of circumvention and infringement using the Software.

4.      Effective March 10, 2011, Provo Craft and Defendants (collectively, the "Parties") entered into a Confidential Settlement Agreement and Mutual Release with respect to the 2010 Lawsuit (the "2011 Agreement"). The 2011 Agreement provided for entry of a Stipulated Permanent Injunction (the "2011 Stipulated Permanent Injunction") and Consent Judgment (the "2011 Consent Judgment"), which were entered by the Court on March 17, 2011 as docket entries 33 and 34 in Case No. 10-276.

5.      Paragraph 3 of the 2011 Agreement required that "Heinlein must deliver . . . a sworn declaration explaining in as much detail as possible exactly how he was able to cause the Software to operate the CRICUT®, and how he learned and mimicked the encryption used to communicate with the CRICUT®. If Provo Craft has follow-up questions regarding the subject matter of Heinlein's declaration, Heinlein agrees to make himself reasonably available, through counsel, to answer them to Provo Craft's reasonable satisfaction." Heinlein did not comply with these obligations.

6. Paragraphs 1.a-c of the 2011 Agreement, Paragraphs II.A-C of the 2011 Stipulated Permanent Injunction, and Paragraphs A-C of the Consent Judgment forbade Defendants from, among other things, distributing any version of the Software that could operate a CRICUT® electronic cutting machine, and "any code that would teach someone how to intercept CRICUT® commands, access or store protected CRICUT® content, communicate with the CRICUT® devices, or control the CRICUT® devices."

7. Following entry of the 2011 Consent Judgment and 2011 Stipulated Permanent Injunction, Defendants distributed versions of the Software that remained capable of operating a CRICUT® electronic cutting machine if a user had the file called "pccplugin.dll" (the "Plug-in") installed on their computer. Heinlein represents and warrants that he authored the Plug-in on or about November 1, 2010. The Plug-in was the file that had allowed previous versions of the Software to operate the CRICUT® electronic cutting machines. Defendants took no steps to prevent the Software from operating the CRICUT® electronic cutting machines other than removing the Plug-in from subsequent versions of the Software. Moreover, multiple users posted information on Defendant's Facebook page (the "Facebook Page," currently located at http://www.facebook.com/MakeTheCut) and internet forum (the "Forum," currently located at http://forum.make-the-cut.com/) explaining to other users where to find the Plug-in and how to use it to enable the Software to operate the CRICUT® electronic cutting machine. Defendants declined to remove all of this information despite receiving objections to the content from Provo Craft. Provo Craft alleges that, under these circumstances, Defendants have violated both the letter and the spirit of the 2011 Consent Judgment and 2011 Stipulated Permanent Injunction. Defendants deny this allegation.

8. Under Paragraph 4.a of the 2011 Agreement, Defendants owed Provo Craft $40,000 by March 10, 2012. Pursuant to Paragraph 4.e of the 2011 Agreement, however, that amount increased to $100,000 and became due immediately because Heinlein breached his duty to provide a sworn statement within 30 days as specified in Paragraph 3 of the 2011 Agreement. To date, Defendants have paid Provo Craft nothing in satisfaction of this obligation.

9. Paragraph 8 of the 2011 Agreement contained conditional releases of Defendants' liability. Because Defendants did not obey all of their obligations under Paragraphs 1-3 of the 2011 Agreement, however, the conditions of the releases were not met, and the releases became null and void.

10. Provo Craft contacted Defendants in November 2011, and several times thereafter, to express concerns over the aforementioned breaches of Defendants' responsibilities. In response, Defendants provided some information, but did not provide all of the information requested by Provo Craft, as Defendants were required to do under the terms of the 2011 Agreement.

11. On February 8, 2012, after Defendants' prolonged refusal to communicate, Provo Craft filed a complaint that renewed the allegations of the 2010 Lawsuit and added counts for breach of the 2011 Agreement and for contempt (the "2012 Lawsuit").

12. Provo Craft and Defendants (collectively, the "Parties") now wish to amicably settle their dispute.

Wherefore, in consideration of the mutual releases, representations, and covenants contained herein, and with the foregoing Recitals being material terms and preconditions of this Agreement, the Parties agree as follows.

4

Case 2:12-cv-00138-CNC   Filed 06/29/12   Page 4 of 8   Document 15

TERMS

1. ASSIGNMENT OF COPYRIGHT. Effectively immediately, Defendants hereby irrevocably assign to Provo Craft all right, title and interest throughout the world, including all copyrights in and to the Plug-in (i.e., the software file "PCCplugin.dll"). This assignment is made retroactive to the date Heinlein authored the Plug-in, i.e., November 1, 2010. Provo Craft may publicly record this assignment with the U.S. Copyright Office and any other governmental entity. All Parties expressly acknowledge that the primary intent of this assignment is to facilitate Provo Craft's ability to demand the removal of the Plug-in from various internet sites where it is hosted and trafficked and to otherwise enforce copyrights owned and held by Provo Craft. This assignment, however, shall not give Provo Craft the right to take action against persons for making lawful use of a lawfully purchased copy of the Software that contains the Plug-in.

2. DUTY TO POLICE CONTENT. Defendants must remove all content from its Facebook Page, its Forum, and any other online resource that either Defendant maintains or controls for any information that (a) mentions the Plug-in; (b) directs others on where to obtain the Plug-in or how to use it; (c) communicates any other method for using the Software to operate the CRICUT® electronic cutting machines or any other device or software that Provo Craft publishes or distributes; (d) instructs or assists others in copying or backing up content from CRICUT® cartridges or any other set of copyrighted works authored or distributed by Provo Craft; (e) instructs or assists others in intercepting commands issued by the CRICUT® electronic cutting machines or any other device or software that Provo Craft publishes or distributes (collectively, the "Unlawful Content"). Henceforth, both Provo Craft and Defendants shall regularly search and monitor all such

online resources for such Unlawful Content. If Defendants discover any Unlawful Content, they must immediately delete it. If Provo Craft discovers any such Unlawful Content in a site or other resource that either Defendant maintains or controls, it may send notice of same to Defendants, and Defendants must remove the content within three (3) business days of receiving such notice.

3. REVISED SOFTWARE. Within 60 days of entry of this 2012 Consent Judgment and Injunction, Defendants must stop distributing all versions of the Software that are able to control any CRICUT® electronic cutting machine when the Plug-in is installed on the same computer. Thereafter, Defendants may only distribute versions of the Software that are unable to recognize the Plug-in, and that contain explicit commands that are designed to prevent the Software from operating a CRICUT® electronic cutting machine regardless of whatever other files may be present on a user's computer. Defendants must also not instruct, encourage, or otherwise assist third parties in creating or altering the Software to achieve such results.

4. CONTINUED EFFECT. Except as modified herein the 2011 Consent Judgment and the 2011 Stipulated Permanent Injunction remain in full force and effect. This Court retains jurisdiction to enforce them and to enforce this 2012 Consent Judgment and Injunction.

5. MONEY JUDGMENT. Judgment is hereby entered against Defendants and in favor of Provo Craft in the amount of one hundred twenty-five thousand dollars ($125,000) (the "Judgment Amount"). Defendants may satisfy this judgment by paying ten thousand dollars ($10,000) in the following manner: 50 monthly payments of $200, to be received by Provo Craft by the first of each month, beginning on July 1, 2012. Each such

6

payment shall be made by check or money order and delivered to Provo Craft at the address provided in Paragraph 8 below. As long as Defendants are current with these monthly payments, Provo Craft may not take further action to enforce the money judgment.

6. CONFIDENTIALITY AND NON-DISPARAGEMENT. The confidentiality and non-disparagement provisions found in Paragraph 6 of the 2011 Agreement remain in effect as to any disclosure of information other than what the Parties have included in the pleadings in this 2012 Lawsuit. The purported "waiver" of these provisions in Defendants' Answer is null and void.

7. DECLARATION. Heinlein is no longer required to produce the sworn declaration described in Paragraph 3 of the 2011 Agreement.

8. NOTICE. Any notice permitted or required by this 2012 Consent Judgment and Injunction shall be sent as follows:

> If to Defendants:
> Andrew A. Heinlein
> W 186 S7675 Lincoln Drive
> Muskego, WI 53150
> With a copy to:
> William Green
> Green & Kapsos Law Offices, L.L.C.
> 3216 S 92nd Street Suite 201
> Milwaukee WI 53227
>
> If to Plaintiff:
> Don Olsen, Esq.
> General Counsel
> Provo Craft and Novelty, Inc.
> 10876 River Front Parkway
> Suite 600
> South Jordan, UT 84095-5929

With a copy to:
Brian D. Wassom
Honigman Miller Schwartz and Cohn LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
(248) 566-8490

or such other representative(s) or address(es) as a Party may designate.

8. BINDING EFFECT. This 2012 Consent Judgment and Injunction shall bind and benefit the heirs, executors, administrators, successors, assigns, parents, affiliates, members and subsidiaries of the Defendants, their officers, agents, servants, employees, distributors, licensees, attorneys, and all other persons who are in active concert or participation with them who receive actual notice of these provisions.

9. INTEGRATION. This 2012 Consent Judgment and Injunction constitutes the entire agreement between the Parties, and supersedes any prior agreements or understandings between the Parties, whether written or verbal, and may not be modified in any manner, except by a writing signed by the Parties.

APPROVED:   s/ C. N. CLEVERT, JR.
            C. N. CLEVERT, JR.
            Chief U. S. District Judge

                                        JON W. SANFILIPPO
                                        Clerk

   6/29/12                              s/C. Fehrenbach
   Date                                 (By) Deputy Clerk